IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30023 |
| | ) | |
| DYRECE T. KNAFF, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on May 14, 2007, for the sentencing of Defendant Dyrece T. Knaff.  Defendant Knaff appeared in person and by his attorney Jeffrey Page.  The Government appeared by Assistant U.S. Attorney Patricia McInerney.  On November 20, 2006, Defendant Knaff pleaded guilty to the charge of Possession with Intent to Distribute 5 or more grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), as alleged in Count 2 of the Indictment (d/e 1).  The United States Probation Office prepared a Presentence Investigation Report (PSR), dated February 12, 2007.

1

Defendant Knaff pleaded guilty under the terms of a Plea Agreement (d/e 28) entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (c)(1)(C). Pursuant to Rule 11(c)(1)(C), the Court would be bound to sentence Knaff within the sentencing range called for in the Plea Agreement if the Court accepted the plea. The Court reserved ruling on whether to accept the plea at the plea hearing. <u>Minute Entry of proceedings on November 20, 2006</u>. After having reviewed the PSR, the Court announced at the sentencing hearing that it accepted Defendant Knaff's plea of guilty. Defendant Knaff was adjudged guilty of the offense set forth in Count 2 of the Indictment. In doing so, the Court agreed to be bound to the sentencing recommendation in the Plea Agreement.

The Defendant objected to paragraphs 27 and 91 of the PSR. These paragraphs declined to give Knaff a downward adjustment in his offense level as a minor participant in the criminal conduct. U.S.S.G. § 3B1.2(b). The Defendant and the Government had agreed in the Plea Agreement that Knaff should receive this downward adjustment. <u>Plea Agreement</u>, ¶ 13(e). The Government stated that Knaff had a less significant role in the criminal conduct than his co-Defendants and should receive this downward adjustment. For the reasons stated of record, the Court sustained the

objection.  The Court stated that the Government was in a better position to assess whether a defendant had a minor role that deserved an adjustment to his offense level.

The Defendant and Government had no additional objections to the PSR.  The Court, therefore, adopted the remaining findings of the PSR as its own.  Accordingly, the Court found that Defendant Knaff had a final offense level of 33, and was in Criminal History Category V, resulting in an advisory Guideline sentencing range of 210 to 262 months to life, in Zone D of the Guidelines.  The Court noted that the Guidelines are advisory, and that the Court normally was required to exercise its discretion to determine Defendant Knaff's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information.  <u>United States v. Booker</u>, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).  In this case, however, this Court stated that it would abide by the terms of the Plea Agreement because the Court accepted the plea.  The Plea Agreement required the Court to sentence within the Guideline range of 210 to 262 months if Defendant was found to be in Criminal History Category V.  <u>Plea Agreement (d/e 28)</u>, ¶ 13(g).

THEREFORE, after considering the case file, the evidence presented,

the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Knaff, the Court sentenced Defendant Dyrece T. Knaff to a term of 210 months imprisonment, to be followed by 8 years of supervised release. The Court determined that Knaff was not able to pay a fine, so no fine was imposed. Defendant Knaff was ordered to pay the $100.00 special assessment, which was due immediately. The Court then allowed the Government's oral motion to dismiss the charges against Defendant Knaff in Count 1 of the Indictment. The Court recommended to the Bureau of Prisons that Defendant Knaff be placed in a facility with an intensive drug treatment program. The parties then agreed that the appeal rights were waived in the Plea Agreement.

IT IS THEREFORE SO ORDERED.

ENTER: May 15, 2007.

> FOR THE COURT:
>
> s/ Jeanne E. Scott
> JEANNE E. SCOTT
> UNITED STATES DISTRICT JUDGE